

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-37,031-03

### EX PARTE PETE EDWARD CHANDLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 95-03-0019M-CR-B IN THE 97TH DISTRICT COURT FROM MONTAGUE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of two counts of aggravated robbery and sentenced to twenty years' imprisonment in count I and thirty years' imprisonment in count II. Applicant did not appeal his convictions. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he was denied due process in the parole revocation process for a number of reasons. For example, Applicant alleges that he was denied the right to cross-examine adverse witnesses at the revocation hearing, and he that he was never given a written statement by the fact finders detailing the evidence relied upon and the reasons for revocation. Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*,

408 U.S. 471 (1972). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant received due process in the parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  August 24, 2022
Do not publish